### PEOPLE v. IZZO.

*(Supreme Court, General Term, First Department. June 12, 1891.)*

CONCEALED WEAPONS—EVIDENCE—INTENT.

> Pen. Code N. Y. § 410, makes it a felony to carry concealed certain weapons with intent to use the same on another. Section 411 provides the possession of any of the weapons specified in section 410, concealed on the person, shall be presumptive evidence of an intent to use the same in violation of that section. *Held,* on an indictment for carrying a dagger concealed with such intent, that it was error to permit the officer who arrested defendant to testify that one G. stated in the presence of defendant, while under arrest, that defendant had drawn the dagger which was found on his person, and threatened to stab G., where it appears that such statement was made in English, and that defendant did not understand that language; such evidence tending to prejudice any explanation as to the possession of the dagger by defendant, made to rebut the presumption arising from such possession.

Appeal from court of general sessions, New York county.

Raffaele Izzo was indicted for carrying concealed on his person a dagger, with intent to use the same upon another. The police officer who made the arrest testified on the night of January 9, 1891, in consequence of information derived from one Michael Grandi, he arrested defendant in Elizabeth street, near Spring, in the city of New York, and then and there, upon searching defendant, found a dagger concealed upon his person in an inside coat pocket; that at the station-house the said Grandi stated and charged, in the presence of defendant, that in a saloon on Elizabeth street defendant had drawn the dagger, and threatened to stab him, Grandi. Defendant, as a witness on his own behalf, testified that he was a musician; that he had found the dagger in the street a short time before his arrest, and intended taking it home, and using it for household purposes, and that he did not intend to use it upon any person. From a judgment of conviction defendant appeals. The following are the sections of the Penal Code referred to in the opinion: Section 410: "A person who attempts to use against another, or who, with intent so to use, carries, conceals, or possesses any instrument or weapon of the kind commonly known as the slungshot, billy, sand-club, or metal knuckles, or a dagger, dirk, or dangerous knife, is guilty of a felony. Any person under the age of eighteen years, who shall have, carry, or have in his possession in any public street, highway, or place in any city or incorporated village in the state, without a written license from a police magistrate of such city or incorporated village, any pistol or other fire-arm of any kind, shall be guilty of a misdemeanor. This section shall not appply to the regular and ordinary transportation of fire-arms as merchandise, or for the use without the city or village limits." Section 411: "The possession, by any person other than a public officer, of any of the weapons specified in the last section, concealed or furtively carried on the person, is presumptive evidence of carrying, or concealing, or possessing, with intent to use the same in violation of that section."

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

Charles E. Barbier, for appellant. De Lancey Nicoll, Dist. Atty., (McKenzie Semple, of counsel,) for the People.

BARRETT, J. I think that justice requires a new trial in this case, and that it should be granted under the authority conferred by section 527 of the Code of Criminal Procedure. The people did not rest upon the presumption created by section 411 of the Penal Code, but attempted to prove the intent to use the dagger in violation of section 410, by direct evidence. Thus the policeman who arrested the defendant, and found the dagger concealed upon his person, was permitted to testify that one Grandi declared in the presence of the defendant at the station-house that he, Grandi, "was in a saloon on Elizabeth street, and the defendant took the knife out of his pocket, and said that he would stab him." This testimony was highly prejudicial to the defendant, and undoubtedly affected the consideration of his subsequent explanation with regard to the possession of the dagger. Ordinarily such testimony would have been admissible, but here it appears that Grandi spoke to the sergeant in English, and that the defendant could not speak our language, or else spoke it so slightly that the officer could not understand or communicate with him. It is quite apparent that the defendant did not comprehend the charge made by Grandi, and that, so far as any possibility of denying it on the spot was concerned, that charge might as well have been made to the sergeant in the defendant's absence. The learned recorder very properly suggested at close of the case that the district attorney should have called Grandi as a witness. I think, too, that he should have called the sergeant. As it was, this defendant was convicted solely upon the testimony of the officer who arrested him, to the effect that he found the knife upon the defendant's person. It is true that this fact raised the presumption declared by section 411, but the defendant's effect to rebut that presumption should not have been nullified or weakened by the declaration of the third person, which he was no more in a position to deny at the time and under the circumstances it was made than if he had been absolutely deaf. This defendant was shown to be a man of good character, engaged in a reputable calling, for nine years a resident of this country, and a man of family. He testified without contradiction that he never carried a knife such as was found upon him; that he had never before been arrested, or been in any trouble; that he picked up the knife in question accidentally, and that he had no other intention than to take it to his home. Of course, the jury were the judge of this story, and it was for them to say whether the presumption raised by section 411 was thereby rebutted. But it is quite clear that in weighing the defendant's explanation the scale was turned in favor of the presumption by Grandi's declaration at the station-house. I think a new trial should be ordered. All concur.